UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

VINCENT MASINO, KEITH LOSCALZO,
RAYMOND MARIA, ANTHONY FASULO, DAVID
DELUCIA and DOMINICK AGOSTINO, as Trustees
and Fiduciaries of the PAVERS AND ROAD **MEMORANDUM AND ORDER**
BUILDERS DISTRICT COUNCIL WELFARE, Case No. 08-CV-1345 (FB) (JMA)
PENSION, ANNUITY AND APPRENTICESHIP,
SKILL IMPROVEMENT AND TRAINING FUNDS,

               Plaintiffs,

      -against-

CITYLINE CONCRETE CORP.,

              Defendant.
-------------------------------------------------------------------x

*Appearance:*
*For the Plaintiffs:*
CHARLES R. VIRGINIA, ESQ.
Barnes, Iaccarino, Virginia, Ambinder & Shepherd,
PLLC
111 Broadway
14th Floor, Suite 1403
New York , NY 10006

**BLOCK, Senior District Judge:**

        On April 3, 2008, plaintiffs (the "Trustees") filed a complaint seeking recovery of unpaid fringe benefit contributions, liquidated damages, attorney's fees, costs and interest. An amended complaint was filed on August 12, 2008. As defendant, after being duly served, failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #10 (Clerk's Entry of Default dated January 10, 2009), the Trustees now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

        A defendant's default is an admission of all well-pleaded allegations in the complaint

except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Trustees allege that defendant was a party to a collective bargaining agreement ("CBA") pursuant to which defendant was responsible for fringe benefit contribution payments, and that defendant "employed individuals within the . . . jurisdiction of the Union, but failed to make payment of [f]ringe [b]enefits pursuant to the Agreement . . . ." Compl. ¶ 11.

These allegations – deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, plaintiffs' motion for entry of a default judgment is granted.

Having established a violation of § 1145, the Trustees are entitled to remedies under § 1132(g)(2), as well as any additional damages stemming from defendants' breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

                                                _____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 30, 2009