UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO,
RAYMOND MARIA, ANTHONY FASULO,
DAVID DELUCIA and DOMINICK AGOSTINO, as
Trustees and Fiduciaries of the PAVERS AND
ROAD BUILDERS DISTRICT COUNCIL
WELFARE, PENSION, ANNUITY AND
APPRENTICESHIP, SKILL IMPROVEMENT
AND TRAINING FUNDS,

                    Plaintiffs,

       -against-

CITYLINE CONCRETE CORP.,

                  Defendant.
--------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

08-CV-1345 (FB) (JMA)

A P P E A R A N C E S:

Charles R. Virginia, Esq.
Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
111 Broadway Suite 1403
New York, NY 10006
(212) 943-9080
    *Attorney for Plaintiffs*

**AZRACK**, **United States Magistrate Judge:**

    Plaintiffs in the above-captioned matter are trustees of the Pavers and Road Builders

District Council Welfare, Pension, Annuity, Apprenticeship, Skill Improvement and Training

Funds, ("the Funds").   They commenced this action against defendant Cityline Concrete Corp.

("Cityline" or "defendant") pursuant to sections 502 and 515 of the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, to recover delinquent contributions

and associated payments allegedly owed to the Funds.   They filed an amended complaint on

August 12, 2008.   (Dkt. No. 7.)   Although plaintiffs properly served Cityline, Cityline failed to

appear or otherwise defend against the action. (Dkt. No. 3, 8.) Plaintiffs therefore moved for a default judgment on November 7, 2008 (Dkt. No. 9). On January 29, 2009, the Clerk of the Court noted the default. (Dkt. No. 10.) By order dated January 30, 2009, the Honorable Frederick Block granted plaintiffs' motion for default judgment against Cityline and referred the motion for damages to me for a report and recommendation. (Dkt. No. 11.)

For the reasons set forth below, I respectfully recommend that plaintiffs be awarded $28,211.98 in unpaid contributions and union dues, $10,561.21 in interest, $2,821.20 in liquidated damages, $485.00 in costs, $3,323.50 in attorneys' fees and $1,218.00 in audit fees for a total award of $46,620.89.

## I. BACKGROUND

The plaintiff Funds are multi-employer employee benefit trust funds, organized and operated in accordance with the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. (First Amended Compl. ¶ 1 ("Compl.").) They provide welfare, pension and annuity benefits to members of the Pavers and Road Builders District Council (collectively, the "Union"). (Compl. ¶ 4.) Pursuant to the terms of a collective bargaining agreement ("CBA") in force between the Union and Cityline, Cityline is obligated to contribute to the Funds and pay union dues on behalf of all Cityline employees within the Union's jurisdiction. (Compl. ¶ 5, 6, 10; Supplemental Decl. of Charles Virginia in Supp. of Default J. Ex. A art. X ("CBA").)

Plaintiffs' audited Cityline's payroll records in July 2008 and learned that Cityline failed to remit required fringe benefit contributions and union dues in the amount of $24,526.80 due for the period of April 2006 through December 2007 and $3,685.18 due for January 2008. (Compl. ¶ 11; Decl. of Charles Virginia in Supp of Default J. ¶ 3; Ex A ("Virginia Decl.")). Under the CBA, if

Cityline fails to make contributions when due, it is additionally liable to the Funds for interest on the unpaid contributions at an annual rate of 10% and liquidated damages equal to 10% of the principal unpaid contributions.   (Virginia Decl. ¶ 4; see also CBA art. X sec. 5.)   Additionally, Cityline is obligated to pay the Funds' audit fees and attorneys' fees and costs in the event the Funds are required to employ an attorney to collect unpaid contributions.   (Id.; see also CBA art. X sec. 5.; Compl. ¶ 9.)

Based on the terms of the CBA and the results of the payroll audit, plaintiffs seek $24,349.80 in unpaid contributions for April 2006 through December 2007, $3,685.18 in unpaid contributions for January 2008, $177.00 in unpaid union dues, $5,791.80 in interest due on previous untimely payments, $4,769.41 in interest due on the unpaid contributions, $2,821.20 in liquidated damages, $1218.00 in audit fees, $485.00 in costs, and $3,323.50 in attorneys' fees, for a total award of $46,620.89.

## II. DISCUSSION

### A.  Liability

Defendant's default amounts to an admission of liability and all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true.   See Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted); Garden City Boxing Club, Inc. v. Batista, No. 05-CV-1044, 2007 WL 4276836, at *2 (E.D.N.Y. Nov. 30, 2007) (internal citations omitted).   The complaint alleges that defendant entered into agreements with the Union under which defendant was obligated to make contributions to the Funds and that defendant failed to make such contributions in a timely manner. Thus, as Judge Block ruled, the complaint establishes the elements of liability required to state a claim for relief under ERISA Section 515, 29 U.S.C. § 1145.

**B. Remedies**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not.   See Alcantara, 183 F.3d at 155 (citations omitted).   Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty.   Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).   The Court of Appeals for the Second Circuit has approved the holding of an inquest by affidavit, without a hearing, as long as the Court has "ensured that there was a basis for the damages specified in the default judgment."   Transatlantic Marine, 109 F.3d at 111 (citations omitted).

In this action, plaintiffs seek unpaid contributions, prejudgment interest, liquidated damages, audit fees, attorneys' fees and costs under both ERISA and the CBA.   In support of this request for relief, they have submitted the declarations of Fund Counsel Charles R. Virginia, the CBA, an audit report, Cityline's payroll records, and invoices describing the audit fees, legal fees, and costs incurred in prosecuting this action.   I consider these submissions a sufficient basis upon which to determine the appropriate award and I will discuss each form of relief in turn.

**1.** *Unpaid Contributions*.   Plaintiffs request a total of $28,211.98 in unpaid contributions, which represents $24,526.80 in unpaid contributions and union dues for April 2006 through December 2007 and 3,685.18 in unpaid contributions and union dues for January 2008.   (Virginia Decl. ¶ 8.)   Plaintiffs are entitled to unpaid contributions under ERISA Section 505(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A).   In support of this request, plaintiffs submitted Cityline's payroll records for the delinquency period as well as an audit of the reports.   (Virginia Decl. Ex. A.)   I have reviewed the payroll records, the audit and plaintiffs' calculations and find them to be a reasonable

and accurate statement of Cityline's obligations to the Funds under the CBA. Therefore, I respectfully recommend that plaintiffs be awarded $28,211.98 in unpaid contributions.

**2. *Interest on Late-paid and Unpaid Contributions*.** Next, plaintiffs request $10,561.21 in interest, which reflects $5,791.80 in interest owed on late paid contributions and $4,769.41 in interest owed on unpaid contributions as described above. (Virginia Decl. ¶ 8–9.) In support of this request, plaintiffs submitted the CBA, which sets the applicable rate of interest at 10% per annum (CBA art. X sec. 5), and a tabulation of interest owed on both the late-paid and unpaid contributions (Virginia Decl. ¶ 9; Ex. B). ERISA mandates interest to be awarded at the rate set forth in the CBA. 29 U.S.C. 1132(g)(2)(B). I have carefully reviewed plaintiffs' submissions and find that they used appropriate rates of interest and that the interest calculations are accurate. I therefore respectfully recommend that plaintiffs be awarded $10,561.21 in interest on late-paid and unpaid contributions.

**3. *Liquidated Damages*.** Plaintiffs also seek $2,821.20 in liquidated damages. (Virginia Decl. ¶ 10). ERISA Section 502(g)(2)(C) entitles plaintiffs to the greater of (i) interest paid on the unpaid contributions or (ii) liquidated damages provided for under the plan, so long as they do not exceed twenty percent of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). The CBA sets liquidated damages at 10% of the unpaid contributions. (CBA art. X sec. 5(c).) Therefore, I respectfully recommend that plaintiffs be awarded 10% of the principal unpaid contributions for a total of $2,821.20 in liquidated damages.

**4. *Costs*.** Plaintiffs request $485.00 in costs. (Virginia Decl. ¶ 13.) ERISA directs the Court to award reasonable costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs substantiated their request for costs with invoices indicating that a filing fee of $350.00 was incurred on April 1, 2008 and two process service fees of $67.50 each were incurred on April 16 and August 21, 2008.

(Virginia Decl. Ex. C.)   Having reviewed the invoices, I find plaintiffs' assessment of costs reasonable and respectfully recommend an award of $485.00 in costs.

**5.** ***Attorneys' Fees***.   Plaintiffs request $3,323.50 in attorneys' fees.   ERISA mandates the award of attorneys' fees.   29 U.S.C. § 1132(g)(2)(D).   In the Second Circuit, attorneys' fees for federal claims are determined according to the "presumptively reasonable fee" approach, which is calculated by multiplying a reasonable hourly rate by a reasonable number of expended hours.   See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 186–90 (2d Cir. 2008).   The Court has "considerable discretion" in determining the presumptively reasonable fee, however, it should "bear in mind all of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate."   Id. at 190 (emphasis in original).   Ultimately, the district court should be guided by what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay.   Id. at 184, 192.

The fee applicant bears the burden of establishing the reasonableness of the hourly rate and the number of hours expended.   New York State Teamsters Conference & Ret. Fund v. Erick Sanitation, No. 92-CV-0292, 1992 WL 246880, at *4 (N.D.N.Y. Sept. 18, 1992).   However, the district court may also rely upon its own knowledge of "the prevailing market rates in the relevant community for similar services for lawyers of reasonably comparable skill, experience and reputation."   Chambless v. Masters, Mates, and Pilots Pension Plan, 885 F.2d 1053, 1058–59 (2d Cir. 1989) (internal citation and quotation marks omitted).   In determining the reasonableness of the hours expended, the Court must assess "the value of the work product of the particular expenditures to the client's case."   Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998).   "If

the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation[.]" Id.

Plaintiffs' request for $3,323.50 in fees represents 17.3 hours of attorney time billed at $175 per hour and 3.7 hours of paralegal time billed at $80 per hour. (Virginia Decl. ¶ 12.) Plaintiffs support their request with contemporaneous time records that detail the tasks their attorney and paralegal completed for this case and the number of hours expended on each task. Based on my review of similar cases that have been litigated in this district against defaulting defendants, I find that $175 and $80 are reasonable hourly rates for attorneys and paralegals. See, e.g., Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp., No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (Block, J.) (finding that prevailing rates for ERISA work in this district range from $200-$375 per hour for partners, $200-$250 per hour for senior associates, and $75 per hour for paralegals) (citations omitted). Additionally, I have reviewed the time records submitted by plaintiffs and find that twenty-one hours was a reasonable expenditure of time on this case. Therefore, I respectfully recommend that plaintiffs be awarded $3,323.50 in attorneys' fees.

**6. *Audit Fees***. Finally, plaintiffs request $1218.00 in audit fees. The CBA entitles plaintiffs to audit fees if the audit reveals a delinquency in excess of 15% of the prior year's contributions or $2,000, whichever is greater. (CBA art. XIII.) Plaintiffs submitted the invoices from the audit in support of their request. (Supplemental Decl. of Charles Virginia in Supp. of Default J. Ex. B.) Here, the audit revealed that Cityline owed $24,526.80, which is greater than $2,000. Therefore, I respectfully recommend that plaintiffs be awarded the full audit fee of $1,218.00.

## III. **CONCLUSION**

For the foregoing reasons, I respectfully recommend that plaintiffs be awarded $28,211.98 in unpaid contributions and union dues, $10,561.21 in interest, $2,821.20 in liquidated damages, $485.00 in costs, $3,323.50 in attorneys' fees and $1,218.00 in audit fees for a total award of $46,620.89.

### **NOTICE**

Plaintiffs are hereby ordered to serve a copy of this report and recommendation on defendant and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of the date of entry of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

SO ORDERED.


Dated: March 16, 2009
        Brooklyn, New York




_____
                /s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE