ORIGINAL

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
APR 16 2009
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT MASINO, KEITH LOSCALZO,
RAYMOND MARIA, ANTHONY
FASULO, DAVID DELUCIA and
DOMINICK AGOSTINO, as Trustees and
Fiduciaries of the PAVERS AND ROAD
BUILDERS DISTRICT COUNCIL
WELFARE, PENSION, ANNUITY AND
APPRENTICESHIP, SKILL
IMPROVEMENT AND TRAINING
FUNDS,

**MEMORANDUM AND ORDER**
Case No. 08-cv-01345(FB)(JMA)

Plaintiffs,

-against-

CITYLINE CONCRETE CORP.,

Defendant.
------------------------------------------------------------X

*Appearances:*
*For the Plaintiff:*
CHARLES R. VIRGINIA, ESQ.
JUDY WONG, ESQ.
Barnes, Iaccarino, Virginia, Ambinder &
Shepherd, PLLC
111 Broadway, Suite 1403
New York, New York 10006

**BLOCK, Senior District Judge:**

On April 3, 2008, plaintiffs, in their capacities as fiduciaries of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Training Funds (the "Funds"), filed suit against Cityline Concrete Corp. ("Cityline"). Plaintiffs' complaint alleged that Cityline violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by failing to make required

contributions to the Funds. An amended complaint was filed on August 12, 2008. As a result of defendant's failure to answer or otherwise defend, *see* Docket Entry #10 (Clerk's Entry of Default), plaintiffs' motion for a default judgment was granted on January 30, 2009, and the matter was referred to Magistrate Judge Joan M. Azrack for a determination of the relief to be awarded. *See* Docket Entry #11 (Memorandum and Order).

On March 16, 2009, Magistrate Judge Azrack issued a Report and Recommendation ("R&R"), *see* Docket Entry #14, recommending that judgment be entered against Cityline in the amount of $46,620.89, consisting of: (1) $28,211.98 in unpaid contributions; (2) $10,561.21 in interest on late-paid and unpaid contributions; (3) $2,821.20 in liquidated damages; (4) $485.00 in costs; (5) $3,323.50 in attorney's fees; and (6) $1,218.00 in audit fees (as per the parties' Collective Bargaining Agreement). The R&R advised plaintiffs that "[a]ny objections . . . must be filed with the Clerk of the Court . . . within ten (10) days of the date of entry" of the R&R, and that "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." R&R at 8 (citations omitted). On March 20, 2009, plaintiffs served a copy of the R&R on Cityline. *See* Docket Entry #15 (Affidavit of Service). No objections were filed.

"[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (internal quotation marks and citations omitted). The Court finds no clear error (if any error) with the R&R; accordingly, the Court

2

adopts its recommendations without *de novo* review.

**SO ORDERED.**

s/ FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 13, 2008